# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **LARRY GRISHAW, JR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20CV00203 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **JUETTE RENALDS, ET AL.,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendants. ) | |

*Larry Grishaw, Jr., Pro Se Plaintiff; Nathan H. Schnetzler, FRITH ANDERSON & PEAKE PC, Roanoke, Virginia, for Defendants.*

The plaintiff, Larry Grishaw, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated. On June 30, 2020, the defendants filed a Motion to Dismiss, ECF No. 17. On July 1, 2020, the court mailed a notice advising Grishaw that the court was giving him twenty-one days to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding the defendant's evidence before ruling on the motion. The notice warned Grishaw:

> If Plaintiff does not respond to Defendant[s'] pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant[s] state[ ] in their responsive pleadings. If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. . . . However, if Plaintiff does not file some response within the twenty-

<u>one (21) day period, the Court may dismiss the case for failure to prosecute.</u>

*See* Roseboro Notice, ECF No. 20 (emphasis in original).

The time allotted for Grishaw to respond to the defendants' motion has passed, and he has failed to file any response to that motion or to otherwise communicate to the court. Based on Grishaw's failure to comply with the court's order directing him to respond in some fashion to the defendants' motion, the court will dismiss the action without prejudice for failure to prosecute. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (stating pro se litigants are subject to time requirements and respect for court orders and dismissal is an appropriate sanction for non-compliance); *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 340-41 (3d Cir. 1982) (recognizing a district court may sua sponte dismiss an action pursuant to Fed. R. Civ. P. 41(b)).

An appropriate Order will issue herewith.

DATED: August 5, 2020

/s/ James P. Jones
United States District Judge